## WILKINSON v. HARRIS, Warden.

No. 6862.   Decided December 4, 1945.   (163 P. 2d 1023.)

See 39 C. J. S., Habeas Corpus, sec. 76; 25 Am. Jur., 171.

*Max Wilkinson,* pro se.

*Grover A. Giles,* Atty. Gen., *Herbert F. Smart,* Deputy Atty. Gen., and *Brigham E. Roberts,* Dist. Atty., of Salt Lake City, for respondent.

PER CURIAM.

Appeal from an order of the Third Judicial District Court denying a petition for a writ of habeas corpus.

Max Wilkinson, the appellant herein, was convicted in 1939 of the crimes of burglary and grand larceny and sentenced to serve indeterminate terms of not less than one year nor more than twenty years on the burglary conviction and not less than one year nor more than ten years on the grand larceny conviction, the terms to be served consecutively. He seeks his discharge on a writ of habeas corpus on the ground

that the court exceeded its jurisdiction in sentencing him for two crimes.

It is appellant's contention that although the information upon which his convictions were based contained two counts, one charging him with burglary, and the other with grand larceny, nevertheless he could not lawfully be convicted and sentenced for more than one offense under the provisions of 105-21-7, R. S. U. 1933, now 105-21-31, U. C. A. 1943. This section reads as follows:

"The information or indictment must charge but one offense, but the same offense may be set forth in different forms under different counts; and when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count; provided * * * that an information or an indictment for burglary may contain a count for housebreaking and one for larceny * * *."

It is apparent that it was proper to charge the appellant with the crimes of both burglary and larceny in one information. The court had jurisdiction of the subject matter and the conviction for one of such offenses charged was valid. Appellant has not yet served his sentence on either conviction, and so we need not determine here whether the court exceeded its jurisdiction in sentencing him for two offenses. Until appellant has served his sentence on one conviction he is not entitled to a discharge on a writ of habeas corpus. See 39 C. J. S. Habeas Corpus, § 26, page 504, where the rule is stated thus:

"Where defendant is subject to two or more sentences, as under different indictments or counts, habeas corpus will not lie on any of such sentences, as being invalid, until the other valid sentences have been served or satisfied, although the sentences are to run consecutively. * * *."

The district court therefore did not err in dismissing the petition for the writ of habeas corpus.

Affirmed.

TURNER, J., concurs in the result.